**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JAMARE DIRRICK BAITY,

    Plaintiff,

v.                                                              No. 1:18-cv-00183-SCY-JHR

BRAD HALL AND ASSOCIATES
d/b/a GOOD 2 GO STORES, LLC,

    Defendant.

**DEFENDANT'S SECOND MOTION TO COMPEL AND
MEMORANDUM BRIEF IN SUPPORT THEREOF**

Defendant, Good 2 Go Stores, LLC ("Good 2 Go") by and through its attorneys of record, Modrall, Sperling, Roehl, Harris & Sisk, P.A. (Anna E. Indahl), respectfully requests that this Court pursuant to Fed.R.Civ.P. 37 and L.R. 37.1 enter an order compelling Plaintiff to fully respond to Defendant's Second Set of Requests for Production, or in the alternative, an order dismissing this action as a sanction for Plaintiff's failure to comply with the Court's Order Granting Defendant's Motion to Compel [Doc. No. 40].

**PROCEDURAL HISTORY**

On November 14, 2018 Defendant filed its Second Set of Requests for Production, and Requests for Admission (Defendant's Second Set of Discovery), which were due on December 14, 2018. *See* Defendant's Second Set of Requests for Production, attached hereto as Exhibit A. Plaintiff failed to respond to Defendant's Second Set of Discovery in any way.

On December 14, 2018, Defendant moved or an extension of time to disclose its expert witnesses because Plaintiff had failed to disclose his calculation of damages, had failed to execute any releases for records, and had otherwise failed to provide information that Defendant had requested in its First Set of Discovery Requests. [Doc. No. 38].

On December 18, 2018 Defendant wrote a "meet and confer letter" to Plaintiff asking him to respond to Defendant's Second Set of Discovery.  *See* correspondence from Anna Indahl to Jamare Baity, dated December 18, 2018, attached hereto as Exhibit B.  Plaintiff did not respond to Defendant's second meet and confer letter regarding his missing responses to Defendant's Second Set of Discovery dated December 18, 2018.

Also, on December 20, 2018, this Court entered an Order in this case Granting Defendant's First Motion to Compel [Doc. No. 40], and an Order Granting Defendant's Motion for Extension of Time to Provide Expert Reports [Doc. No. 41].  Under the Order Granting Defendant's First Motion to Compel, Plaintiff was given until December 26, 2018 to file a response as to the Court's award of Defendant's reasonable expenses incurred in bringing its First Motion to Compel, including attorney's fees. [Doc. No. 40]. Plaintiff made no response.  Also under the Court's Order Granting Defendant's First Motion to Compel, Plaintiff was given until January 3, 2019 to supplement his responses to Defendant's First Set of Interrogatories and Requests for Production.  [Doc. No. 40]. Plaintiff failed to do so.   This Motion followed.

## **RELEVANT LAW REGARDING DISCOVERY**

The proper scope of discovery is "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case...." Fed. R. Civ. P. 26(b)(1).  To that end, "[d]iscovery's scope under rule 26 is broad." *Landry v. Swire*

*Oilfield Services*, LLC, 323 F.R.D. 360, 374 (D.N.M. January 3, 2018), *citing Gomez v. Martin Marietta Corp.*, 50 F.3d at 1520; *Sanchez v. Matta*, 229 F.R.D. 649, 654 (D.N.M. 2004) ("The federal courts have held that the scope of discovery should be broadly and liberally construed to achieve the full disclosure of all potentially relevant information."). The broad scope of discovery "contemplates discovery into any mater that bears on or that reasonably could lead to another matter that could bear on any issue that is or may be raised in a case." *Anaya v. CBS Broadcasting, Inc.*, 251 F.R.D. 645, 649-650 (D.N.M. 2007).

This applies in particular to the scope of discovery in employment cases, even after the 2015 amendments to the Rules of Civil Procedure. *Kennicott v. Sandia Corporation,* 2018 WL 414823, *17 (D.N.M. August 30, 2018) ("the post-2015 rule 26(b) standard for the scope of discovery and conclude that discovery in employment discrimination cases is still broad").

A. **DEFENDANT'S SECOND SET OF DISCOVERY**

Plaintiff has failed to respond in any way to Defendant's Second Set of Requests for Production, which were due on December 14, 2018. On December 18, 2018, Defendant wrote to Plaintiff via U.S. Mail requesting responses to Defendant's Second Set of Requests for Production, but that letter was ignored. See Exhibit B. Therefore, Defendant asks that this Court enter another order compelling Plaintiff to supplement its answers to Defendant's Second Set of Discovery Requests as outlined below and for any further relief the Court deems just and proper.

Defendant's Second Set of Discovery sought the following:

- **REQUEST FOR PRODUCTION NO. 12**:  A copy of Plaintiff's W-2 forms from 2013 until present.

- **REQUEST FOR PRODUCTION NO. 13**:  A copy of Plaintiff's state and federal tax returns from the years 2013 until present.

- **REQUEST FOR PRODUCTION NO. 14**:  A copy of any and all documents relied upon by Plaintiff in answering Defendant's First Set of Interrogatories to Plaintiff.

- **REQUEST FOR PRODUCTION NO. 15:**  Execution of an authorization to obtain employment records.

*See* Exhibit A.  Because all of these discovery requests are relevant, Plaintiff should be compelled to answer them.  *Anaya v. CBS Broadcasting, Inc*., 251 F.R.D. 645, 649-650 (D.N.M. 2007).

### B. PLAINTIFF'S FAILURE TO COMPLY WITH COURT'S ORDER

In the alternative, Defendant requests that this Court enter an order dismissing this case under Fed.R.Civ.P. 37 for Plaintiff's willful failure to comply with the Court's previous order compelling Plaintiff to respond to Defendant's First Set of Discovery Requests [Doc. No. 40], as well as his continued refusal to submit to discovery in this case.

Fed.R.Civ.P. 37(b)(2)(A) provides that when a party fails to comply with a discovery order, the court may, *inter alia*, enter an order dismissing the action, or rendering default judgment against the disobedient party.  In considering whether to dismiss an action for failure to comply with a discovery order, the Court should consider a number of factors, including:

4

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; ... (3) the culpability of the litigant," *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1465 (10th Cir.1988) (*quoting Meade*, 841 F.2d at 1521 n. 7 (10th Cir.1988)); (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, *see, e.g., Willner v. University of Kansas*, 848 F.2d 1023, 1030 (10th Cir.1988) (per curiam), *cert. denied*, 488 U.S. 1031, 109 S.Ct. 840, 102 L.Ed.2d 972 (1989); *Standard Metals,* 817 F.2d at 629; *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863, 110 S.Ct. 180, 107 L.Ed.2d 135 (1989); Spiller v. U.S.V. Labs., Inc., 842 F.2d 535, 538 (1st Cir.1988); and (5) the efficacy of lesser sanctions. *See Ocelot Oil*, 847 F.2d at 1465; *Meade*, 841 F.2d at 1520; *Taylor v. Medtronics, Inc.*, 861 F.2d 980, 986 (6th Cir.1988). "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." *Meade*, 841 F.2d at 1521 n. 7 (citations omitted).

*Ehrenhaus v. Reynolds*, 965 F. 2d 916, 920 (10th Cir. 1992) ("These factors do not constitute a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction"). In this case, as in *Ehrenhaus*, Plaintiff's actions have prejudiced Defendant by causing delay and mounting attorney's fees. Also, despite the Court's previous award of attorney's fees, that remedy may not be available in this case, as it is not probable that *pro se* Plaintiff has the resources to pay such an award. The end of the discovery period is February 14, 2019, and because of Plaintiff's failure to engage in his discovery obligations, Defendant has not yet been able to request documents under any executed records releases, or to take necessary depositions, including of Plaintiff himself, or otherwise adequately prepare its defenses in this case. Further, Defendant has already secured an extension of time to disclose its experts and their reports under Rule 26 until after Plaintiff supplements his discovery responses, which, despite the Court's Order has not happened. This sort of delay is even more egregious than the general delay that was sufficient in *Ehrenhaus*.

Also, as in in *Ehrenhaus*, Plaintiff's interference in the judicial process supports dismissal.  Plaintiff has not only failed to execute his discovery duties under the Federal Rules, but he has also willfully failed to comply with the Court's discovery order, and has flouted the Court's authority.  *Ehrenhaus*, 965 F. 2d at 920 (noting that if a litigant can ignore court orders without suffering the consequences, then the court cannot administer orderly justice, and the result would be chaos).

With regard to the third factor, Plaintiff's failure to answer two sets of discovery requests, his failure to engage in the "meet and confer" process prior to Defendant's filing of two separate motions to compel, and his utter failure to acknowledge and abide by the Court's Order is bad faith and a willful and intentional disobedience to the Court's authority.  *Ehrenhaus*, 965 F. 2d at 920.

Finally, the consideration of an award of lesser sanctions has already been satisfied.  The Court has already awarded attorney's fees for Plaintiff's failure to respond to Defendant's First Set of Discovery Requests.  That award, regardless of whether it can somehow be satisfied by *pro se* Plaintiff, was a lesser sanction.  That lesser sanction was ignored by Plaintiff and it did nothing to motivate Plaintiff to respond to subsequent discovery requests.  In other words, Plaintiff did not even bother making any sort of response to Defendant's Second Set of Discovery Requests, despite the Court's attorney's fees award.

Therefore, dismissal is an appropriate sanction for Plaintiff's failure to comply with the Court's Order Granting Defendant's Motion to Compel [Doc. No. 40], and for his subsequent failure to respond in any way to Defendant's Second Set of Discovery

Requests, including the "meet and confer" correspondence that preceded both of Defendant's Motions to Compel. *Ehrenhaus*, 965 F. 2d at 920;

## CONCLUSION

WHEREFORE, given the foregoing, Defendant respectfully requests that this Court enter an order compelling Plaintiff to fully respond to Defendants' Second Set of Requests for Production, or in the alternative to enter an order of dismissal under Fed.R.Civ.P. 37 for Plaintiff's failure to comply with the Court's Order Granting Defendant's Motion to Compel [Doc. No. 40], and for any other further relief this Court deems just and proper.

Respectfully submitted,

MODRALL, SPERLING, ROEHL, HARRIS
   & SISK, P.A.

By: */s/ Anna E. Indahl*
   Anna E. Indahl
   Post Office Box 2168
   Albuquerque, New Mexico  87103-2168
   Telephone: (505) 848-1800
   aei@modrall.com
   *Attorneys for Defendant*

WE FURTHER CERTIFY that on the 4th day of January, 2019, we filed the foregoing electronically through the CM/ECF system and served the following *pro se* party via U.S. Mail:

   Jamare D. Baity
   836 Mesa Del Rio St. NW
   Albuquerque, NM 87121

MODRALL, SPERLING, ROEHL, HARRIS
   & SISK, P.A.

By: */s/ Anna E. Indahl*
   Anna E. Indahl

W3330736.DOC

7