IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMARE DIRRICK BAITY,

    Plaintiff,

v.                                                                                                                     CV 18-0183 SCY/JHR

BRAD HALL AND ASSOCIATES
d/b/a GOOD 2 GO STORES, LLC,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANT'S MOTION FOR ATTORNEY'S FEES**

This matter comes before the Court on *Defendant's Motion for Attorney Fees* [Doc. 48] associated with filing its first *Motion to Compel and Memorandum Brief in Support Thereof* [Doc. 36], filed November 21, 2018. Plaintiff did not file a Response and Defendant filed a Reply [Doc. 50] and Notice of Completion of Briefing [Doc. 51] on April 2, 2019. Having considered the submissions and relevant authority, the Court will grant Defendant's Motion.

**I.**     **FACTUAL AND PROCEDURAL BACKGROUND**

On January 25, 2018, Plaintiff Jamare Dirrick Baity filed a Civil Complaint alleging that he was wrongfully terminated from his position as Assistant Manager at one of Defendant's Good2Go stores. [Doc. 1-1]. Defendant removed the case on February 23, 2018. [Doc. 1]. The Court entered a Scheduling Order on August 14, 2018, setting the termination date for discovery as February 14, 2019. [Doc. 31].

On September 18, 2018, Defendant sent its First Set of Interrogatories and Requests for Production to Plaintiff. [Doc. 33]. Pursuant to an agreed upon two-week extension, Plaintiff

submitted his objections, answers, and responses to Defendant's first set of discovery requests on October 31, 2018. [Doc. 34]. On November 13, 2018, Defendant sent a letter to Plaintiff requesting that Plaintiff supplement his discovery responses citing what it deemed to be inappropriate objections and deficient responses. [Doc. 36-2]. Plaintiff did not respond to Defendant's letter and on November 21, 2018, Defendant filed its first Motion to Compel. [Doc. 36].

Plaintiff did not file or serve a Response to the Motion and on December 20, 2018, the Court entered an Order granting the Defendant's first Motion to Compel. [Doc. 37; Doc. 40]. The Court ordered Plaintiff to provide complete answers and responses to Defendants First Set of Interrogatories and Requests for Production by January 3, 2019. [Doc. 40, p. 2]. The Court also awarded Defendant reasonable expenses, including attorney's fees in connection with bringing the Motion. [Doc. 43, p. 2]. Plaintiff was given until December 26, 2018 to respond to the Court's award of Defendant's reasonable expenses. [*Id.*]. Plaintiff made no response. [Doc. 43, p. 2].

Pursuant to the Court's December 20, 2018 Order, Defendant filed its Motion for Attorney's Fees on March 12, 2019. [Doc. 48]. Plaintiff did not file a Response in accordance with the federal or local procedural rules. *See* Fed. R. Civ. P. 5; D.N.M.LR-Civ.R. 7.4(a). Plaintiff did send a Response to Defendant's counsel, which Defendant attached as an exhibit to its Reply in support of the Motion for Attorney's Fees [Doc. 50]. The Court will not consider the Response in determining the reasonableness of Defendant's fee award since it was not filed or served in accordance with the federal and local rules and is not properly before the Court. *See* Fed. R. Civ. P. 5; D.N.M.LR-Civ.R. 7.4(a).[1]

---

[1] However, even if the Response was properly before the Court, it is not helpful to Plaintiff, as Plaintiff makes no specific challenge to the reasonableness of the attorney's requested rate or the time billed in connection with Defendant's first Motion to Compel. [Doc. 48-1].

## II. LEGAL STANDARDS

Where the Court grants a motion to compel under Rule 37(a), it must "after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless: (1) "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action"; (2) "the opposing party's nondisclosure, response, or objection was substantially justified"; or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(s)(5)(A).

Reasonable attorneys' fees under Rule 37(a)(5) are typically calculated using the lodestar methodology, which requires the court to multiply the hours counsel for the party seeking attorneys' fees reasonably spent on the discovery motion by a reasonable hourly rate. *See Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998); *Jane L. v. Bangerter,* 61 F.3d 1505, 1509 (10th Cir.1995). The party requesting attorney fees bears the burden of proving the two components used to calculate the fee award: (1) the appropriate hourly rate and (2) the amount of hours spent on the case. *See United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1233 (10th Cir. 2000). Once the Court makes these two determinations, the fee "claimant is entitled to the presumption that this lodestar amount reflects a 'reasonable' fee." *Robinson*, 160 F.3d at 1281.

"To determine what constitutes a reasonable rate, the district court considers the prevailing market rate in the relevant community." *Lippoldt v. Cole*, 468 F.3d 1204, 1224-25 (10th Cir. 2006)). The party seeking fees must provide the district court with sufficient information to evaluate prevailing market rates. *See Id.* at 1225. That party must also demonstrate that the rates are similar to rates for similar services by "lawyers of reasonably comparable skill, experience,

and reputation" in the relevant community and for similar work. *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984); *see Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1255-56 (10th Cir. 1998); *Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir. 1983) ("The hourly rate should be based on the lawyers' skill and experience in civil rights or analogous litigation."), *overruled in part on other grounds, Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 725 (1987).

The party seeking fees "should submit evidence supporting the hours worked and rates claimed." *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983). The court may adjust the lodestar figure to reflect various factors, including the degree of success obtained, the significance of the legal issues involved, and the public interest advanced by the litigation. *See Farrar v. Hobby*, 506 U.S. 103, 120-22 (1992). After the lodestar amount is calculated the court or agency adjudicator may adjust that figure based on consideration of other factors. *See Blanchard v. Bergeron,* 489 U.S. 87, 94 (1989).

### III. ANALYSIS

In this case, Defendant seeks $6,763.77 in attorneys' fees incurred in connection with bringing its first Motion to Compel. [Doc. 48, p. 2]. This represents 20.9 hours of time for Defendant's attorney, Anna Indahl, at a rate of $300 per hour plus associated taxes. [Doc. 48-1; Doc. 48-2].

In light of Ms. Indahl's sixteen years of litigation experience, the requested rate of $300 per hour is reasonable and commensurate with rates charged by other attorneys in New Mexico who litigate on similar matters. *See O Centro Espirita Beneficente Uniao Do Vegetal in the United States v. Duke*, ___ F. Supp. 3d ___, No. 17-cv-1137, 2018 WL 5314943, at *22-23 (D.N.M. Oct. 25, 2018) (discussing market rates in New Mexico for attorney and paralegal time and awarding attorney's fees at $350 per hour); *New Mexico Turn Around v. City of Albuquerque*, No. CV 11-

00536, 2013 WL 12330140, at *7 (D.N.M. May 22, 2013) (approving rates between $175/hr. and $350/hr.); *Spurlock v. Townes*, No. 09CV786, 2012 WL 12856231, at *5 (D.N.M. Nov. 21, 2012), *vacated in part on other grounds*, 661 F. App'x 536 (10th Cir. 2016) (awarding six plaintiff's attorneys hourly rates ranging from $150 per hour to $375 per hour); *Jaramillo v. Hickson*, No. CV 09-634, 2014 WL 12796776, at *7 (D.N.M. Mar. 27, 2014) (awarding attorney's fees with hourly rates ranging from $160 per hour to $350 per hour).

In support of the fee award requested, Ms. Indahl submitted an itemized and complete billing statement detailing the 20.9 hours of attorney time spent performing tasks relative to Defendant's first Motion to Compel. [Doc. 48-1; Doc. 48-2]. The Court finds that the time reflected in the itemized statement is reasonable for the work performed.

IV. CONCLUSION

Having reviewed Defendant's *Motion for Attorney's Fees* [Doc. 48], counsel's declarations and itemized billing statement, and noting that Plaintiff has not filed a response challenging the reasonableness of the fee award sought, the Court finds that the motion is well taken and should be granted. It is therefore ordered that Plaintiff pay Defendant $6,763.77 within thirty (30) days of the entry of this order.

IT IS SO ORDERED.

_____
JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE