IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMARE DIRRICK BAITY,

    Plaintiff,

v.                                                          CV 18-0183 SCY/JHR

BRAD HALL AND ASSOCIATES
d/b/a GOOD 2 GO STORES, LLC,

    Defendant.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

This matter comes before the Court on *Defendant's Second Motion to Compel* [Doc. 43] filed January 4, 2019. Plaintiff did not file a Response and Defendant filed a Notice of Completion of Briefing [Doc. 44] on January 22, 2019. Defendant seeks an order compelling Plaintiff to fully respond to its Second Set of Requests for Production or in the alternative, an order dismissing the case under Federal Rule of Civil Procedure 37(b)(2)(A). [Doc. 43, p. 4]. Having considered the parties' positions and all relevant authority, the Court will grant Defendant's Motion.

### I.     FACTUAL AND PROCEDURAL BACKGROUND

On January 25, 2018, Plaintiff Jamare Dirrick Baity filed a Civil Complaint alleging that he was wrongfully terminated from his position as Assistant Manager at one of Defendant's Good2Go stores. [Doc. 1-1]. Defendant removed the case on February 23, 2018. [Doc. 1]. The Court entered a Scheduling Order on August 14, 2018, setting the termination date for discovery as February 14, 2019. [Doc. 31].

### A. Defendant's First Set of Discovery Requests and Motion to Compel

On September 18, 2018, Defendant sent its First Set of Interrogatories and Requests for Production to Plaintiff. [Doc. 33]. Pursuant to an agreed upon two-week extension, Plaintiff submitted his objections, answers, and responses to Defendant's first set of discovery requests on October 31, 2018. [Doc. 34]. On November 13, 2018, Defendant sent a letter to Plaintiff requesting that Plaintiff supplement his discovery responses citing what it deemed to be inappropriate objections and deficient responses. [Doc. 36-2]. Plaintiff did not respond to Defendant's letter and on November 21, 2018, Defendant filed its first Motion to Compel. [Doc. 36].

Plaintiff did not file or serve a Response to the Motion and on December 20, 2018, the Court entered an Order granting the Defendant's first Motion to Compel. [Doc. 37; Doc. 40]. The Court ordered Plaintiff to provide complete answers and responses to Defendants First Set of Interrogatories and Requests for Production by January 3, 2019. [Doc. 40, p. 2]. Plaintiff was also given until December 26, 2018 to respond to the Court's award of Defendant's reasonable expenses incurred in bringing the Motion. [*Id.*]. Plaintiff made no response. [Doc. 43, p. 2].

On December 14, 2018, Defendant moved for an extension of time for Defendant to disclose its expert witnesses because Plaintiff had failed to disclose his calculation of damages, had failed to execute any releases for records, and had otherwise failed to provide information requested in Defendants first set of discovery requests. [Doc. 38]. The Court granted Defendant's Motion, extending the deadline for Defendant to submit its expert witness disclosures until after Plaintiff supplemented his answers and responses to Defendant's first set of discovery requests. [Doc. 41]. However, Plaintiff did not supplement his answers and responses to Defendant's first set of discovery requests by January 3, 2019, as ordered by the Court. [*Id.*].

### A. Defendant's Second Set of Discovery Requests and Motion to Compel

On November 14, 2018 Defendant sent its Second Set of Requests for Production and Requests for Admission to Plaintiff. [Doc. 35; Doc. 43-1]. Plaintiff did not respond to Defendants second set of discovery requests in any way. [Doc. 43, p. 1]. On December 18, 2018 Defendant sent Plaintiff a letter requesting that he provide responses to Defendant's second set of discovery requests. [Doc. 43-2]. Plaintiff neither answered Defendant's letter nor provided the requested discovery responses. [Doc. 43, p. 3].

On January 4, 2019, Defendant filed its Second Motion to Compel seeking to obtain an order compelling Plaintiff to respond to its Second Set of Requests for Production and in the alternative, an entry of default judgment under Rule 37(b)(2). [Doc. 43]. Plaintiff did not file or serve a response to Defendant's Second Motion to Compel. [Doc. 44].

On February 6, 2019, Defendant moved to extend the pretrial deadlines based on its inability to identify and depose witnesses, obtain relevant evidence, and prepare defenses without Plaintiff's meaningful participation in the discovery process. [Doc. 46]. The Court granted the Motion, extending Defendant's deadline to depose Plaintiff and any other witnesses who became evident from Plaintiff's discovery responses until 60 days after Plaintiff provided complete answers and responses to Defendant's first set of discovery responses in compliance with the Court's Order issued December 20, 2018 [Doc. 40] and produced responses to Defendant's second set of discovery requests. [Doc. 47]. The Court also ordered that Defendant's motions related to discovery would be due seven days from the extended deadline and its dispositive motions would be due 60 days from the extended discovery deadline. [Doc. 47]. Since Plaintiff has not complied with the Court's December 20, 2018 Order to provide complete answers and responses to

Defendant's first set of discovery requests or provided any responses to Defendant's second set of discovery responses, these pretrial deadlines have not been reset.

## II. LEGAL STANDARDS

Rules 16(f) and 37(b)(2)(C) of the Federal Rules of Civil Procedure permit a court to enter a default judgment when a party disobeys a court order. "Since a default judgment, like dismissal, represents an extreme sanction, it is appropriate only in cases of willful misconduct." *Derma Pen, LLC v. 4EverYoung Ltd.*, 736 F. App'x 741, 745-46 (10th Cir. 2018) (internal quotation marks and citation omitted). "A willful failure is any intentional failure as distinguished from involuntary noncompliance." *Id*. However, "[n]o wrongful intent need be shown." *Id.* (alteration in original).

Before imposing a default judgment as a sanction, "a court should ordinarily consider a number of factors," including: (1) "the degree of actual prejudice to the defendant;" (2) "the amount of interference with the judicial process;" (3) "the culpability of the litigant;" (4) "whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance;" and (5) "the efficacy of lesser sanctions." *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal [or default judgment] an appropriate sanction." *Id.* These factors "do not create a rigid test but are simply criteria for the court to consider." *Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002).

## III. ANALYSIS

With respect to the first *Ehrenhaus* factor, Plaintiff's failure to participate has caused a high degree of prejudice to Defendant. Plaintiff's failure meaningfully participate in the discovery process has hindered Defendant's ability to request documents under executed records releases, obtain other relevant information to which it is entitled, depose witnesses including Plaintiff,

prepare expert witness disclosures, or otherwise build its defenses in this case. [Doc. 36; Doc. 38; Doc. 40; Doc. 46]. Meanwhile, Defendant has continued to incur litigation expenses, including the additional expenses associated with its attempts to engage Plaintiff in good faith resolution of discovery disputes and preparing two Motions to Compel. Accordingly, this factor weighs heavily in favor of default judgment.

The second factor—the amount of interference with the judicial process— also weighs in favor of default judgment. Plaintiff's failure to participate has interfered with the judicial process. [Doc. 31]. Plaintiff's failure to meet his discovery obligations has resulted in no fewer than five motions by Defendant seeking Court intervention to assist it in obtaining discovery, extending deadlines, and recovering unnecessarily incurred expenses. [Doc. 36; Doc. 38; Doc. 43; Doc. 46; Doc. 48]. Now, nearly four months after the initial February 14, 2019 discovery deadline, the case has not moved forward and the pretrial deadlines applicable to Defendant remain unset pending Plaintiff's complete discovery responses. [Doc. 41; Doc. 47].

The third factor—Plaintiff's culpability—weighs in favor of default judgment as Plaintiff is culpable for violating the Court's December 20, 2018 Order, for failing to make any attempt to respond to Defendant's second set of discovery requests, and for failing to engage in any good faith attempts to resolve discovery disputes. Moreover, Plaintiff has not responded to the instant Motion to Compel or otherwise provided any explanation for his failure to participate.

The fourth factor considers "whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance." *Ehrenhaus*, 965 F.2d at 921. Here, the Court did not expressly warn Plaintiff that his failure to comply with its December 20, 2018 Order and continued noncompliance with the discovery rules would likely result in dismissal of his case. *Cf. Ehrenhaus*, 965 F.2d at 921 (holding that the district court's invitation to defense

counsel to file a motion to dismiss if the pro se plaintiff failed to comply with the court's order regarding deposition attendance was sufficient to put the plaintiff on notice that failure to comply with the order would subject the plaintiff's claims to dismissal). However, Plaintiff was on notice that the sanctions of dismissal and/or default judgment were before the Court when Defendant presented its argument for such sanctions in the instant Motion. [Doc. 48, pp. 3-4]. Plaintiff had the opportunity to present arguments and evidence in opposition of dismissal and/or default judgment and he chose not to do so. [Doc. 44]. Thus, this factor weighs neutrally.

Finally, the fifth factor—the efficacy of lesser sanctions—weighs in favor of default judgment. Plaintiff ignored the Court's December 20, 2018 Order, which required him to provide complete responses to Defendant's first set of discovery requests and provided him an opportunity to oppose the lesser sanction of a fee award. After this lesser sanction was imposed, Plaintiff failed to respond to Defendant's subsequent discovery requests and attempts to resolve the parties' discovery disputes. [Doc. 43, pp. 2-6]. This indicates that lesser sanctions will not be effective in ensuring Plaintiff's future participation or compliance.[1]

On balance, the *Ehrenhaus* factors weigh in favor of imposing default judgment against Plaintiff.

                                                        _____
                                                        JERRY H. RITTER
                                                        U.S. MAGISTRATE JUDGE

---

[1] On May 28, 2019, Defendant filed a Motion to Dismiss based on Plaintiff's failure to participate in the preparation of the Pretrial Order [Doc. 52], which conduct is consistent with Plaintiff's failure to participate in discovery and in the general prosecution of his claims.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).
>
> **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**