# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JAMARE DIRRICK BAITY,

      Plaintiff,

v.                                                                                                        CIV 18-0183 SCY/JHR

BRAD HALL AND ASSOCIATES
d/b/a GOOD 2 GO STORES, LLC,

      Defendant.

## ORDER ADOPTING MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

      THIS MATTER comes before the Court on Magistrate Judge Ritter's Proposed Findings and Recommended Disposition ("PFRD"), filed June 11, 2019. Doc. 54. Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b), the parties have consented to have me serving as the presiding judge and entering final judgment. Docs. 5, 6, 8.

      On January 4, 2019, Defendant filed its Second Motion to Compel, seeking to compel Plaintiff's responses to Defendant's Second Set of Requests for Production, or seeking dismissal of this action under Federal Rule of Civil Procedure 37(b)(2)(A) for Plaintiff's failure to comply with a discovery order. Rule 37(b)(2)(A) provides that "if a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders." Such further orders can include "dismissing the action or proceeding in whole or in part," or "rendering a default judgment against the disobedient party". Fed. R. Civ. P. 37(b)(2)(A)(v), (vi). When determining whether to impose Rule 37(b) sanctions, the Tenth Circuit has provided five factors for the court to balance. *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920-21 (10th Cir. 1992) ("Before choosing dismissal as a just sanction, a court should ordinarily

consider a number of factors, including: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." (citations omitted)).

In the PFRD, Judge Ritter reviewed the procedural history of this case and the *Ehrenhaus* factors, finding that, on balance, the factors weigh in favor of imposing Rule 37(b) sanctions on Plaintiff. Doc. 54 at 6. Defendant requested that the sanction imposed be dismissal of Plaintiff's case. Doc. 43 at 4. However, Judge Ritter recommended imposing default judgment against Plaintiff. Judge Ritter filed his recommendation on June 11, 2019. Doc. 54. He notified the parties of their ability to file objections within fourteen days and that failure to do so waives appellate review. Doc. 54 at 7. To date, no objections have been filed and there is nothing in the record indicating that the PFRD was not delivered.

The Court adopts the analysis in the PFRD, holding that the *Ehrenhaus* factors weigh in favor of imposing sanctions on Plaintiff under Rule 37(b)(2)(A). However, instead of default judgment, the Court will dismiss Plaintiff's Complaint without prejudice under Rule 37(b)(2)(A)(v). *Compare Ehrenhaus*, 965 F.2d at 921, *with Derma Pen, LLC v. 4EverYoung Ltd.*, 736 F. App'x 745-46 (10th Cir. 2018) (applying the *Ehrenhaus* factors whether the court is considering dismissal or default judgment under Rule 37(b)).

Wherefore,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 54) is ADOPTED IN PART;

2. Defendant's Second Motion to Compel (Doc. 43) is GRANTED; and

3. Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE.

_____
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent